J-S20030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DEANDRE LOPEZ HARRIS | : | |
| Appellant | : | No. 1402 WDA 2021 |

Appeal from the PCRA Order Entered October 20, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at CP-65-CR-0003549-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DEANDRE L. HARRIS | : | |
| Appellant | : | No. 1403 WDA 2021 |

Appeal from the PCRA Order Entered October 20, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at CP-65-CR-0003550-2017

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED:  July 12, 2022**

Deandre Lopez Harris (Appellant) appeals from the order dismissing his untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

In July 2017, the Commonwealth charged Appellant, on two bills of information, with two counts each of possession with intent to deliver a controlled substance (PWID), possession of a controlled substance, possession of drug paraphernalia, and criminal conspiracy; and one count each of person not to possess a firearm, and possessing a firearm with manufacturer number altered.[2] On May 3, 2019, Appellant entered a negotiated guilty plea to one count of PWID, one count of criminal conspiracy, and the firearms charges. The trial court sentenced Appellant in accordance with the plea to an aggregate 8 - 20 years of imprisonment. Appellant did not file a post-sentence motion or a direct appeal.

On July 10, 2020, Appellant *pro se* filed the instant PCRA petition, his first. The PCRA court appointed counsel, who, after concluding Appellant's PCRA petition was time-barred, filed a "no-merit" letter and motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988),

---

[1] Appellant complied with **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). On January 13, 2022, this Court *sua sponte* consolidated the appeals.

[2] 35 P.S. §§ 780-113(a)(30), (16), (32); 18 Pa.C.S.A. §§ 903(a)(1), 6105(a)(1), and 6110.2(a).

and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel leave to withdraw on February 2, 2021.

Appellant retained counsel, who entered his appearance on behalf of Appellant and filed an amended PCRA petition. While acknowledging the petition was time-barred, counsel claimed it fell within the governmental interference exception. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i). The PCRA court held a hearing concerning the governmental interference exception on October 14, 2021. Appellant and Christina Haluska, a librarian at SCI Fayette, testified about Department of Corrections (DOC) COVID-related library restrictions and the impact on inmates. On October 20, 2021, the PCRA court dismissed the petition as untimely. Appellant timely filed this appeal.[3] He presents the following question for review:

> [Did] the [PCRA c]ourt err by ruling that [Appellant] failed to show a constitutional right had been violated by the DOC which impinged his ability to timely file his PCRA petition?

Appellant's Brief at 2.

We review the PCRA court's dismissal of Appellant's petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record,

---

[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013).

It is undisputed that Appellant's petition is untimely. Appellant's judgment of sentence became final on June 2, 2019, and he did not file his *pro se* petition until July 10, 2020. A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-

recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). If a petitioner fails to invoke a valid exception, the court lacks jurisdiction to review the petition or provide relief. ***Spotz***, 171 A.3d at 676.

Appellant contends he was unable to file a timely PCRA petition because of various COVID-related law library closures at SCI Fayette, as well as restrictions implemented by the DOC, and these restrictions constitute governmental interference. ***See*** Appellant's Brief at 11-24. We disagree.

To plead and prove the governmental interference exception codified at 42 Pa.C.S.A. § 9545(b)(1)(i), Appellant must show "the failure to raise the claim previously was the result of interference by government officials[.]" ***Id.*** We have stated that to make a successful claim under this exception, an appellant must show a "violation of his rights under constitutional or state law." ***Commonwealth v. Rizvi***, 166 A.3d 344, 348 (Pa. Super. 2017); ***see also Commonwealth v. Bankhead***, 217 A.3d 1245, 1248 (Pa. Super. 2019) ("without an assertion of illegality on the part of government officials, restrictions on access to prison resources does not qualify a petition for the governmental interference exception.").

Appellant acknowledges the above law, but argues it was not "established by statute or judicial gloss." Appellant's Brief at 15. He maintains the standard should not be whether government officials acted illegally or unconstitutionally, but "whether the government interfered with [his] ability

to present his claim." *Id.* at 16. He asserts the PCRA court erred in failing to find that the DOC's policies "impeded his ability to more timely file his petition." *Id.* at 17.

Appellant has waived his claim that COVID-related law library restrictions violated his constitutional rights, as he did not raise the claim in his amended PCRA petition or argue it at the evidentiary hearing. *See* Amended PCRA Petition, 2/26/21, at 1-15; N.T., 10/14/21, at 1-56. We have long held that an appellant waives on appeal issues that he did not raise in the PCRA petition. *See Commonwealth v. Lauro*, 819 A.2d 100, 103-04 (Pa. Super. 2003) (waiving five issues not in the original or amended PCRA petition); Pa.R.A.P. 302(a).

Waiver notwithstanding, the record demonstrates Appellant failed to plead and prove that prison officials "impeded his ability to more timely file his petition." Appellant's Brief at 17. As the PCRA explained,

> **there were no COVID-19 protocols in place from June 2, 2019, when the judgment became final, until the COVID protocols were put in place [in the beginning of April 2020**]. … [Appellant] would have had more than nine (9) months to work on his PCRA petition before the restrictions were put into place.

PCRA Court Opinion, 10/20/21, at 6 (emphasis added).

The PCRA court also stated:

> [D]espite [Appellant's] testimony, it does not appear that he even attempted to access the law library before the end of the [PCRA] deadline. There is no evidence that he ever appeared at the library until one-and-one-half months after the deadline had passed and three days after the PCRA Petition was filed. The fact that he did not appear at the library before filing the Petition would

- 6 -

indicate that he did not even need the library. But even if he did, Ms. Haluska, [who the PCRA court] found to be credible, testified that there was no evidence that he had ever attempted to contact her for permission to use the library before the end of the deadline. With all of this in mind, the restrictions on library use appear to be a mere ruse on [Appellant's] part to excuse the late filing.

*Id.* at 5-6.

The PCRA court's credibility findings "are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." ***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016). As the record supports the PCRA court's factual findings and legal analysis, we, like the PCRA court, lack jurisdiction and "legal authority to address [any] substantive claims." ***Lewis***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2022